# UNITED STATES DISTRICT COURT
## District of Oregon

FILED 3 JUL '23 11:14 USDC-ORP

ROSENDO GARCIA NAVARRO )
)
)
_____ )
*Petitioner* )
)
v. )  Case No. 3:23-cv-976-MK
)
WARDEN DEWAYNE HENDRIX )  *(to be assigned by the Clerk of Court)*
)
_____ )
)
*Respondent* )
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: ROSENDO GARCIA NAVARRO
   (b) Other names you have used: A/K/A TRUCK DRIVER

2. Place of confinement:
   (a) Name of institution: FEDERAL CORRECTIONAL INSTITUTION - SHERIDAN
   (b) Address: 27072 SW BALLSTON RD.
       SHERIDAN, OR 97378
   (c) Your identification ("SID") number: 15710-041

3. Are you currently being held on orders by:
   ☑ Federal authorities    ☐ State authorities    ☐ Other - explain:

4. Indicate that you are currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
       (a) Name and location of the court that sentenced you: U.S. DISTRICT COURT / SOUTH DAKOTA
           400 S. PHILLIPS AVE. SIOUX FALLS, SD 57104
       (b) Docket number of criminal case: 4:10-cr-40004-11-KES
       (c) Date of sentencing: JULY 16, 2012
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*: _____

103155

## Decision or Action You Are Challenging

5. Indicate what you are challenging in this petition:

   ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

   ☐ Pretrial detention

   ☐ Immigration detention

   ☐ Detainer

   ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

   ☐ Disciplinary proceedings

   ☐ Other *(explain)*: _____

   _____

6. Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court: _____

   _____

   (b) Docket number, case number, or opinion number: _____

   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

   _____

   _____

   _____

   (d) Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?

   ☐ Yes            ☐ No

   (a) If "Yes," provide:

       (1) Name of the authority, agency, or court: _____

       _____

       (2) Date of filing: _____

       (3) Docket number, case number, or opinion number: _____

       (4) Result: _____

       (5) Date of result: _____

       (6) Issues raised: _____

       _____

       _____

(b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?

   ☐ Yes    ☐ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____
   (3) Docket number, case number, or opinion number: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

   (b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?

   ☐ Yes    ☐ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____
   (3) Docket number, case number, or opinion number: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

(b)  If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes        ☐ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes        ☐ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes        ☐ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____
_____
_____

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____
_____
_____
_____
_____
_____
_____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❏ Yes            ❏ No

If "Yes," provide:

(a)  Date you were taken into immigration custody: _____
(b)  Date of the removal or reinstatement order: _____
(c)  Did you file an appeal with the Board of Immigration Appeals?

❏ Yes            ❏ No

If "Yes," provide:
(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____
_____
_____
_____
_____
_____

(d)  Did you appeal the decision to the United States Court of Appeals?

❏ Yes            ❏ No

If "Yes," provide:
(1) Name of court: _____
(2) Date of filing: _____
(3) Case number: _____

(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____
_____
_____
_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____
(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____
(d) Docket number, case number, or opinion number: _____
(e) Result: _____
(f) Date of result: _____
(g) Issues raised: _____

_____
_____
_____
_____
_____
_____

## Grounds for Your Challenge in This Petition

13. State every ground that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** FIRST STEP ACT / TIME CREDITS

On FEBRUARY 12, 2023 PETITIONER WAS AWARDED 365-DAYS OF TIME CREDITS. PETITIONER'S RELEASE DATE WAS CHANGED TO MARCH 27, 2023. SHORTLY AFTER, PETITIONER'S RELEASE DATE WAS CHANGED BACK TO MARCH 27, 2024

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
FSA TIME CREDIT ASSESSMENT SHOWS PETITIONER EARNED 365-DAYS OF FTC TOWARDS RELEASE. B.O.P OFFICIALS HAVE IGNORED PETITIONER'S CLAIM AND HAVE DENIED HIS ADMINISTARTIVE REMEDIES. PETITIONER HAS AN IMMIGRATION DETAINER AND HAS NOT BEEN REMOVED OR DEPORTED. IMMIGRATION PROCEEDINGS ARE STILL PENDING.

SEE ATTACHMENT

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes     ☐ No

**GROUND TWO:** _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes     ☐ No

**GROUND THREE:** _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes     ☐ No

**GROUND FOUR:** _____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____

## Request for Relief

15. State what you want the Court to do: PETITIONER REQUESTS THE HONORABLE COURT TO GRANT PETITIONER'S REQUEST TO GRANT 365-DAYS OF TIME CREDITS AND IMMEDIATE RELEASE FROM FCI - SHERIDAN.

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:*
JUNE 19, 2023

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 6/23/2023

Rosendo Garcia
Signature of Petitioner

Signature of Attorney or other authorized person, if any

* As noted in the instructions to this form (at #6), if you are incarcerated at Snake River Correctional Institution (SRCI) or Two Rivers Correctional Institution (TRCI), you must comply with the requirements of the E-Filing Program posted at the institution and set forth in Standing Order 2019-7 (for SRCI) or 2019-12 (for TRCI). Accordingly, you must submit your filings in this case to prison staff for scanning and electronic submission, instead of mailing the filing using the U.S. Postal Service. Please indicate the date you submitted this petition to prison staff for scanning and electronic submission.

Attachment for 2241

The Supreme Court has also made it clear, courts may decline to require exhaustion "even where administrative and judicial interests would counsel otherwise." Id. at 146. Courts must apply an "'intensely practical'" 'balancing principle" and decide if the litigant's interest in immediate judicial review might "'outweigh the government's interest in the efficiency or autonomy that the exhaustion doctrine is designed further.'" Id. (citations omitted. When the agency involved has predetermined the issue before it, this is a recognized circumstance in which "the interests of the individual weigh heavily against requiring administrative exhaustion." Id. at 146, 148 (citing **Houghton v. Shafer,** 392 U.S. 639, 640, 88 S. Ct. 2119, 20 L. Ed. 2d 1319 (1968), See also, **Fraley v. U.S. Bureau of Prisons,** 1 F. 3d 924, 925 (9th Cir. 1993) (Per Curiam) (waiving exhaustion as futile when the initial request for an administrative remedy was denied based on BOP policy and, therefore, the Regional Director "almost certainly would have denied" a further appeal as well due to that policy). In **Jones v. Englemen, United States District Court for the Central District of California,** September 7, 2022, Case No., 2:22-CV-05292-MCS (GJS) (This court notes one final matter. By its terms, the FSA plainly seeks to incentivize prisoners to better prepare themselves for a life outside prison by participating in and completing those programs and activities that the BOP, in its expertise, has designated as evidence-based recidivism reduction programs and productive activities. Their reward for doing so, assuming they also have led their prison lives in a manner that leads them to receive low and medium recidivism risk assessments, is knowing that, by its terms, the FSA has told the BOP that it "shall" apply their earned ETC's and "shall" afford them an early release. Allowing the BOP - on a belated and after-the-fact basis- to purport to write into the FSA statutes a discretion for itself that does not appear therein and to snatch away from prisoners whose efforts have earned them ETC-related benefits not only is unfair but would be contrary to the FSA's goal of incentivizing prisoners to engage in these salutary programs and activities. See also, **Avila Gonzales v. FCI Berlin, Warden, New Hampshire District Court Case No#**

**1:22-cv-00540,** (January 20, 2023)(The Court therefore orders that Mr. Avila Gonzalez be immediately released from BOP custody to begin his term of supervised release in the Southern District of Florida. It is the Court's understanding that, upon his release from BOP custody, U.S. Immigration and Customs Enforcement (ICE) will take Mr. Avila Gonzalez into its custody pursuant to an immigration detainer.).